# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
# AT NASHVILLE

Assigned on Briefs at Knoxville October 15, 2013

## STATE OF TENNESSEE v. CHRISTOPHER LEE HALL

**Appeal from the Circuit Court for Bedford County**
**No. 17449     Robert Crigler, Judge**

---

**No. M2012-02719-CCA-R3-CD - Filed November 18, 2013**

---

Christopher Lee Hall ("the Defendant") pleaded guilty to one count of soliciting sexual exploitation of a minor by electronic means. The plea bargain provided that the Defendant would be sentenced to nine years as a Range I standard offender, with the manner of service to be determined by the trial court. After a sentencing hearing, the trial court ordered the Defendant to serve his sentence in confinement. The Defendant has appealed, arguing that the trial court should have granted him probation. Upon our thorough review of the record and the applicable law, we affirm the judgment of the trial court.

## Tenn. R. App. P. 3 Appeal as of Right; Judgment
## of the Circuit Court Affirmed

JEFFREY S. BIVINS, J., delivered the opinion of the Court, in which D. KELLY THOMAS, JR., and CAMILLE R. MCMULLEN, JJ., joined.

Matthew J. Collins, Assistant Public Defender, Shelbyville, Tennessee, for the appellant, Christopher Lee Hall.

Robert E. Cooper, Jr., Attorney General and Reporter; Meredith DeVault, Senior Counsel; Charles Crawford, District Attorney General; and Michael D. Randles, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

## Factual and Procedural Background

The Defendant pleaded guilty to one count of soliciting sexual exploitation of a minor by electronic means, a Class B felony,[1] committed on or about August 28, 2011. The Defendant, age thirty-three, committed the offense by asking the fifteen-year-old female victim ("the victim") to send him nude photographs of herself, which she did. In conjunction with the Defendant's plea, the State dismissed a second count alleging aggravated statutory rape of the victim.

The Defendant's plea bargain provided that the Defendant would be sentenced as a Range I standard offender to nine years with the manner of service to be determined by the trial court. At the ensuing sentencing hearing, the Defendant testified that his offense was "[t]he biggest mistake [he had] ever made in [his] life." He acknowledged and regretted his wrongful conduct. He asked for an alternative sentence, explaining his plans if such were granted:

> I would like to seek counseling. I need to seek some drug abuse counseling.
>
> To find a halfway house or someplace I can – because I have been locked up for a year. I am going to have to readjust to society again. . . . Just to prove to everybody in society that I am not the monster that that crime suggests that I am. I made a mistake and lack of judgment.
>
> Just to be the husband I promised to be and the man that society needs me to be, that I have tried to be.

The Defendant stated that he would abide by "[a]ny and all" terms of an alternative sentence. He also stated that he was physically capable of working and that he "miss[ed] work." The Defendant also testified as follows:

> I am just terribly sorry for the things I have done and how I hurt my victim and her parents. . . .
>
> . . . .

---

[1] See Tenn. Code Ann. § 39-13-529(a), (e)(1) (Supp. 2011).

I am just – I will be eternally sorry. Until my last breath I will be sorry for the things I've put not only her through, but also my family through because it is an embarrassment. It's a horrible thing.

On cross-examination, the Defendant admitted that, in his home state of Michigan, he pleaded guilty to attempt to commit larceny from a vehicle in 1998. He was granted probation, which later was partially revoked. He also was convicted in Coffee County, Tennessee, of three counts of aggravated statutory rape involving the same victim as in this case. The Defendant's effective sentence for these offenses was three years, suspended to probation after service of 120 days. He admitted being untruthful about his drug use during preparation of his presentence report. He stated, however, that he was truthful about his drug use during his psychosexual evaluation.

The trial court also admitted into evidence the Defendant's presentence report ("the Report"), several letters of support for the Defendant, and the psychosexual evaluation report ("the Evaluation") of the Defendant. The Report indicated that the Defendant initially told law enforcement that he had sex only once with the victim. The Report also indicated that the Defendant told the probation officer preparing the Report that his prior illegal drug use was very limited. The Evaluation indicated that the Defendant engaged in heavy drinking prior to age twenty-one; "off and on" marijuana use since high school consisting of four joints per week; daily Lortab use from age thirty-one to thirty-two; and frequent cocaine use. The Evaluation also indicated that the Defendant was "assessed at Moderate-High Risk for perpetration of impulsive and possibly sexually mediated offenses."

After considering this proof, the trial court denied any alternative sentence and ordered incarceration. The trial court noted the difference in age between the thirty-three-year-old Defendant and the fifteen-year-old victim as "invok[ing] the seriousness of the offense"; the Defendant's prior unsuccessful sentence to probation; the Defendant's significant drug use; the Defendant's initial lack of candor about the extent of his crimes with the victim and about his illegal drug use; and the Evaluation's indication that the Defendant was of moderate-to-high risk to reoffend. The trial court ordered the instant sentence to run concurrently to the Defendant's prior sentences for aggravated statutory rape.[2]

In this appeal, the Defendant contends that the trial court erred in denying probation. The State disagrees.

---

[2] Although the Defendant's written plea agreement indicated that the parties agreed that the Defendant's sentence for the instant offense would run consecutively to the sentences for his Coffee County offenses, the trial judge determined that consecutive sentencing was not appropriate, finding, "I don't think [the instant sentence] needs to be stacked with the other cases out of Coffee County."

**Standard of Review**

Prior to imposing sentence, a trial court is required to consider the following:

(1) The evidence, if any, received at the trial and the sentencing hearing;

(2) The presentence report;

(3) The principles of sentencing and arguments as to sentencing alternatives;

(4) The nature and characteristics of the criminal conduct involved;

(5) Evidence and information offered by the parties on the mitigating and enhancement factors set out in [Tennessee Code Annotated sections] 40-35-113 and 40-35-114;

(6) Any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; and

(7) Any statement the defendant wishes to make in the defendant's own behalf about sentencing.

Tenn. Code Ann. § 40-35-210(b) (2010).

The referenced "principles of sentencing" include the following: "the imposition of a sentence justly deserved in relation to the seriousness of the offense" and "[e]ncouraging effective rehabilitation of those defendants, where reasonably feasible, by promoting the use of alternative sentencing and correctional programs." Tenn. Code Ann. § 40-35-102(1), (3)(C) (2010). "The sentence imposed should be the least severe measure necessary to achieve the purposes for which the sentence is imposed," and "[t]he potential or lack of potential for the rehabilitation or treatment of the defendant should be considered in determining the sentence alternative or length of a term to be imposed." Id. § 40-35-103(4), (5) (2010).

Additionally, a sentence including confinement should be based on the following considerations:

(A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

4

(B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

(C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

Tenn. Code Ann. § 40-35-103(1).

When the record establishes that the trial court imposed a sentence within the appropriate range that reflects a "proper application of the purposes and principles of our Sentencing Act," this Court reviews the trial court's sentencing decision under an abuse of discretion standard with a presumption of reasonableness. State v. Bise, 380 S.W.3d 682, 707 (Tenn. 2012). This Court will uphold the trial court's sentencing decision "so long as it is within the appropriate range and the record demonstrates that the sentence is otherwise in compliance with the purposes and principles listed by statute." Id. at 709-10. Moreover, under those circumstances, we may not disturb the sentence even if we had preferred a different result. See State v. Carter, 254 S.W.3d 335, 346 (Tenn. 2008). The party appealing the sentence has the burden of demonstrating its impropriety. Tenn. Code Ann. § 40-35-401, Sent'g Comm'n Cmts.; see also State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

## Analysis

Our supreme court recently held that the Bise standard of review is also applicable to "questions related to probation or any other alternative sentence." State v. Caudle, 388 S.W.3d 273, 278-79 (Tenn. 2012). Thus, in reviewing a trial court's denial of full probation, the applicable standard of review is abuse of discretion with a presumption of reasonableness so long as the sentence "reflect[s] a decision based upon the purposes and principles of sentencing." Id.

A defendant bears the burden of establishing his or her suitability for full probation. See Carter, 254 S.W.3d at 347 (citing Tenn. Code Ann. § 40-35-303(b) (2006)); State v. Mounger, 7 S.W.3d 70, 78 (Tenn. Crim. App. 1999). "This burden includes demonstrating that probation will subserve the ends of justice and the best interest of both the public and the defendant." Carter, 254 S.W.3d at 347 (internal quotation marks omitted). In determining whether to deny full probation and impose a sentence involving confinement, the trial court should consider the criteria set forth in Tennessee Code Annotated section 40-35-103(1), supra.

5

We discern no abuse of discretion by the trial judge in denying an alternative sentence in this case. The record reveals that the trial court conducted a painstaking review of the purposes and principles of sentencing and thoroughly considered all of the evidence before it prior to ordering incarceration. The record overwhelmingly supports the trial court's decision. Considering the Defendant's other convictions and frequent illegal drug use, the Defendant's history of criminal behavior is extensive. The eighteen-year difference between the Defendant's age and that of the minor victim was significant and reprehensible. The Defendant's past experience with probation resulted in a partial revocation. Moreover, as noted by the trial court, the Defendant's prior sentence "did not deter [him] from continued drug use or from committing these offenses." Therefore, the Defendant's amenability to rehabilitation is suspect. Additionally, the Defendant was less than truthful with law enforcement on at least two occasions: during his initial interactions with the police about the crimes involving the victim and during his interview with the probation officer who prepared the Report. See State v. Dowdy, 894 S.W.2d 301, 305 (Tenn. Crim. App. 1994) (recognizing that "untruthfulness of a defendant can be the basis for a denial of probation") (citing State v. Jenkins, 733 S.W.2d 528, 534-36 (Tenn. Crim. App. 1987)).

As set forth above, it is a defendant's burden to establish his suitability for probation. We agree with the trial court that the Defendant failed to meet this burden. As also set forth above, unless a defendant establishes that a trial court abused its discretion in imposing sentence, this Court may not overturn the trial court's judgment even if we preferred a different result. In this case, the Defendant clearly has failed to demonstrate that the trial court strayed so far outside the record or the statutory requirements as to entitle him to relief. Accordingly, we affirm the judgment of the trial court.

**Conclusion**

For the reasons set forth above, the judgment of the trial court is affirmed.

_____
JEFFREY S. BIVINS, JUDGE

6